**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| **ANTHONY PEART,** | : | |
| | : | |
| *Plaintiff,* | : | **Case No.: 3:09-cv-1258** |
| | : | |
| -vs- | : | **JUDGE JAMES G. CARR** |
| | : | |
| **SENECA COUNTY,** *et al.* | : | |
| | : | |
| *Defendants.* | : | |

**MOTION TO STRIKE AFFIDAVIT OF DANIEL VASQUEZ [Doc. 47-2]**

As is more fully explained in the accompanying Memorandum in Support, Defendants Seneca County, Seneca County Sheriff Thomas Steyer, Benjamin E. Nutter, David G. Sauber, Sr. and Michael A. Bridinger, move this Court to strike the Affidavit of Daniel Vasquez [Doc. 47-2] because:

1. The affidavit contains new information relied upon and new opinions in contravention of F.R.Civ.P.26(a)(2)(B); and,

2. The affidavit contradicts the expert's prior deposition testimony.

Respectfully submitted,

/s/ A.J. Hensel
Mark Landes  (0027227)
E-mail: ml@isaacbrant.com
A.J. Hensel  (0085340)
E-mail: ah@isaacbrant.com
**ISAAC, BRANT, LEDMAN & TEETOR, LLP**
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
Phone (614) 221-2121 / Fax (614) 365-9516
*Attorneys for Seneca County Defendants*

**MEMORANDUM IN SUPPORT**

A.  **The Expert Offers New and Contradictory Opinions.**

Daniel Vasquez is the Plaintiff's expert. His report dated May 28, 2010 was served upon defense counsel on June 8, 2010.[1] On its face, it purports to be made pursuant F.R.Civ.P. 26(a)(2).[2] It contains a list of materials reviewed and relied upon in forming the opinion.[3] In it, Mr. Vasquez opines that "Sheriff Steyer, by his negligence, failed in his responsibilities to provide a safe jail environment."[4] Nowhere in his report does he opine that there was a "deliberate indifference to inmate health or safety" or "a substantial risk of serious harm."

Mr. Vasquez was deposed on December 6, 2010. A transcript of his deposition testimony was filed herein by the Plaintiff.[5] In his deposition, Mr. Vasquez's testified, among other things, that:

- It is not the classification form itself that is important, but the information that goes into the form.[6]
- He did not look at Seneca County's compliance with their own procedures, practices, and policies.[7]
- He saw nothing to indicate that inmate White would assault Peart.[8]
- He only saw a single report of White in a physical altercation with another inmate.[9]
- He did not have an opinion as to whether classification of any other ICE detainees was proper.[10]
- He did not have an opinion as to whether White was classified properly.[11]
- He did not think that Sheriff Steyer knew anything at all about Peart's classification or had any actual involvement.[12]

---

[1] See Notice of Service [Doc. 31].
[2] Exhibit 2 to Doc. 47-2.
[3] Exhibit 2 to Doc. 47-2, Vasquez Report at p. 2, lines 13-20.
[4] Id. at p. 3, lines 6-7.
[5] Doc. 44.
[6] Vasquez depo., p. 58, lines 14-20.
[7] Id. at p. 75, lines 22-25; Id. at p. 76, lines 1-9.
[8] Id. at p. 80, lines 17-24.
[9] Id. at p. 82, lines 21-25.
[10] Id. at p. 89, lines 21-23.
[11] Id. at p. 91, lines 6-10.
[12] Id. at p. 109, lines 11-20; Id., p. 110, lines 12-18.

- He and his counsel agreed that if he changed his opinions or expressed additional opinions they would notify defense counsel and sit for additional questioning under oath.[13]

After the close of discovery and in response to the Seneca County Defendants' Motion for Summary Judgment, Mr. Vasquez made a new report in the form of an affidavit, Doc. 47-2. For the first time, Mr. Vasquez referred to a risk of "substantial injury"[14] and "deliberate and blatant indifference to following mandated steps."[15] Moreover, Vasquez expressed the new opinion that, had Seneca County physically "filled out the requisite [classification] forms,"[16] this incident would not have happened. Although none of these opinions is legally sufficient to defeat the Defendants' Motion for Summary Judgment, it is evident that all were manufactured once the Motion for Summary Judgment educated the Plaintiff. Also, the affidavit contains additional and new opinions,[17] and it lists numerous new materials relied upon.[18] The affidavit clearly seeks to interject inadmissible evidence and makes sweeping generalities in an attempt to move this Court to the unfair prejudice of the Seneca County Defendants.

**B.    The Expert's Affidavit Offends F. R. Civ. 26(a).**

Rule 26(a)(2)(B) requires parties to make expert disclosures as follows:

> Except as otherwise stipulated or directed by the court, this disclosure shall ... be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and

---

[13] Id. at p. 11, lines 4-18.
[14] Doc. 47-2 at ¶ 11, second full paragraph.
[15] Doc 47-2 at ¶ 14.
[16] Id. at ¶ 10.
[17] New opinions are expressed at Doc. 47-2 ¶¶ 7, 8, 9, 10, 11, 12, 13 and 14.
[18] New materials are listed at Doc. 47-2, ¶ 5, items 2, 3, 5, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17, 22, 23, 24, 25, 26, 28, 29, 30, 32, 33, 34, 35, 36, 38, 44, 45, 46, 47 and 48. A number of these are the subject of the affidavit of Plaintiff's counsel, who attempted to authenticate documents without having personal knowledge.

421874                                                        4

>testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

The Rule clearly requires a party using a retained expert to furnish a written report containing "a complete statement of all opinions to be expressed and the basis and reasons therefor." Fed.R.Civ.P. 26(a)(2)(B).  *See Matilla v. S. Kentucky Rural Elec. Co-op. Corp.*, 240 F. App'x. 35, 42 (6th Cir. 2007).

Here, the March 18, 2011 affidavit goes far beyond the opinions expressed and materials relied upon in making the May 28, 2010 report.  Thus, Plaintiff has not complied with Rule 26(a).

Fed.R.Civ.P. 37(c)(1) requires compliance with Rule 26(a), "mandat[ing] that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Roberts v. Galen of Virginia, Inc.,* 325 F.3d 776, 782 (6th Cir.2003) (citing *Salgado v. General Motors Corp.,* 150 F.3d 735, 742 (7th Cir.1998), noting that "the sanction of exclusion is automatic and mandatory unless the sanction party can show that is violation of Rule 26(a) was either justified or harmless").

For example, in *Vaughn v. City of Lebanon*, an arrestee failed to disclose his proposed expert affidavits in a timely manner in a Section 1983 action against police officers and municipalities.  18 Fed. Appx. 252, 263 (6th Cir. 2001).  The arrestee alleged that the arresting police officer used excessive force and sprayed him with pepper spray. *Id*. at 256.  The arrestee submitted the affidavits in support his opposition to the defendants' motions for summary judgment, several months after the date set for disclosure of expert witnesses. *Id*. at 261-62.  He also filed a motion to permit the filing of an affidavit of an expert witness. *Id*. at 262.  The court granted the defendant's motion to strike these proposed affidavits, holding that the arrestee's failure to disclose his proposed expert affidavits in a timely manner in a §1983 action against

police officers and municipalities was not harmless, and thus warranted exclusion of such evidence, when the defendants, who could not take further discovery of proposed experts without modification of discovery order, were prejudiced in their preparation of dispositive motions and effective replies, and delay was not substantially justified under the circumstances.  *Vaughn*, 18 Fed. Appx. at 263.

The same is true here.  Plaintiff failed to supplement, waited until after the December 30, 2010 discovery deadline and after Defendants filed their Motion for Summary Judgment to produce the new expert report.  Plaintiff cannot show that his failure to comply with Federal Rule 26 is harmless.  He cannot show that the failure to comply with Rule 26 was an "inadvertent omission," nor that he "lacked knowledge" to make the disclosures.  *See* Fed.R.Civ.P. 37 advisory committee's note to the 1993 amendments.  The new affidavit not only offends Rule 26(a), but also prejudices the Defendants by not allowing them an opportunity to prepare a response.

C.      **The Expert's Affidavit Contradicts His Prior Deposition Testimony.**

Mr. Vasquez's affidavit directly contradicts his deposition testimony of December 6, 2010 as indicated above.  "[A] party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement." *Cleveland v. Policy Management Systems Corp.*, 56 U.S. 795, 806 (1999).  "If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact."  *Reid v. Sears, Roebuck & Co.*, 790 F.2d 453, 460 (6th Cir. 1986).  Because the affidavit directly contradicts

the prior deposition testimony with no apparent explanation other than it was necessary to change in order to try to survive summary judgment, the affidavit should be stricken.

**C.     Conclusion.**

For the foregoing reasons, Daniel Vasquez's affidavit of March 18, 2011 [Doc. 47-2] should be stricken.

Respectfully submitted,

/s/ A.J. Hensel
Mark Landes                    (0027227)
E-mail: ml@isaacbrant.com
A.J. Hensel                    (0085340)
E-mail: ah@isaacbrant.com
**ISAAC, BRANT, LEDMAN & TEETOR, LLP**
250 East Broad Street, Suite 900
Columbus, Ohio 43215-3742
Phone (614) 221-2121 / Fax (614) 365-9516
*Attorneys for Seneca County Defendants*

421874                                        7

## **CERTIFICATION**

The undersigned counsel certifies that:

1. This case is assigned to standard track.

2. The memorandum supporting the non-dispositive motion, above, complies with Local Rule 7.1(f) because the memorandum is no more than fifteen (15) pages in length.

/s/ A.J. Hensel  
Mark Landes (0027227)  
A.J. Hensel (0085340)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing was filed electronically with the U.S. District Court for the Northern District of Ohio, this 15th day of April, 2011 using the CM/ECF system, which will send notification of such filing to all registered counsel electronically. A true and accurate copy of the foregoing was also served, via regular U.S. mail, postage prepaid, this 15th day of April, 2011 to the following parties or counsel not receiving such service electronically from CM/ECF:

Larry O. White
733 Walnut Street
Fostoria, Ohio 44830
*Defendant*

/s/ A.J. Hensel
Mark Landes        (0027227)
A.J. Hensel        (0085340)