IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Anthony Peart,  Case No. 3:09CV1258

    Plaintiff

v.  **ORDER**

Seneca County, et al.,

    Defendants

    This case arises from an incident in the Seneca County, Ohio, jail in which a detained inmate, Larry White, punched the plaintiff, Anthony Peart, without warning. Peart fell, struck his head on the cement floor and suffered a skull fracture and brain hemorrhage. Peart brings an Eighth Amendment claim under 42 U.S.C. § 1983 and supplemental state law causes of action against the County, County Sheriff, and Sheriff's Department employees.

    Defendants have filed a motion for summary judgment [Doc. 39]. Pending are ancillary motions to strike two affidavits which plaintiff has submitted in response to that motion, namely, affidavits by: 1) plaintiff's liability expert, Daniel E. Vasquez [Doc. 48]; and 2) his attorney, Michael Shapero [Doc. 49]. For the reasons that follow, the motion to strike the Vasquez affidavit shall be granted in part and denied in part; the motion to strike the Shapero affidavit shall be denied, both decisions without prejudice to make further objections when the Vasquez testimony and documents authenticated by Shapero are offered.

**1. Vasquez Affidavit**

Daniel Vasquez is plaintiff's liability expert. His principal focus is on the defendants' failure to have classified the inmates and placed White where he could not endanger other inmates. Such failure, Vasquez contends, manifested deliberate indifference to the risk of injury to the plaintiff.

In support of his opinion, Vasquez states that the Seneca County Sheriff's Department failed to follow classification procedures mandated by its contract with Immigration and Customs Enforcement (ICE), whereby the Seneca County Jail houses aliens, such as plaintiff, pending deportation.

Vasquez's affidavit also states that failure to classify either plaintiff or White violated the Sheriff's Department's own internal procedures relating to classification.

The motion to strike contends that the affidavit contains new information (namely, its references to the failure to follow internal departmental classification procedures) and is inconsistent with Vasquez's report and deposition testimony. Neither the original report nor testimony, according to defendants, included the opinion that failure to classify in accordance with local protocol manifested deliberate indifference to the safety and welfare of inmates in the Seneca County Jail.

As the plaintiff's response to the motion to strike points out, Vasquez expressed the view in his deposition that failure to follow classification procedures mandated by the County's contract with ICE manifested deliberate indifference to inmate safety.

The same cannot be said with regard to that opinion being based on anything other than requirements derived from the federal government. Plaintiff notes only one passing reference in the Vasquez deposition to internal classification procedures. Certainly it does not appear that any failure to follow those procedures was, in Mr. Vasquez's mind at that time, part of the basis for his opinion about the defendants' deliberate indifference.

I conclude, accordingly, that the plaintiff cannot rely on any reference by Mr. Vasquez to noncompliance with the jail's classification protocol as a basis for his opinion as to the defendants' deliberate indifference.

I will disregard any such references in my review of the pending summary judgment motion.

If the case survives that motion, Mr. Vasquez's trial testimony likewise shall not be based on alleged noncompliance by the defendants with their own classification requirements. While other witnesses may testify about that circumstance, Mr. Vasquez cannot use it as a basis for his opinion as to the defendants' deliberate indifference.

## 2. Shapero Affidavit

The plaintiff's response to defendants' motion for summary judgment includes twenty-five exhibits. His attorney, Michael Shapero, vouches for the authenticity of those documents in an affidavit: "all were produced or disclosed by Defendants or other Seneca County officials during the course of discovery in these proceedings." [Doc. 47-3, at 2].[1]

The defendants' motion to strike the Shapero affidavit (and thus denude plaintiff's opposition of its documentary support) manifests a mindset more appropriate to the seventeenth century than the twenty-first. Back then, common law judges were understandably and sensibly on guard against forged and altered documents. So those judges developed cumbersome procedures to make sure a document—a title to land, for instance—really was what it appeared to be. Making the proponent meet a high standard of preliminary proof was the only insurance against frauds on the courts.

In time, as official and business practices became standardized and reliable record-keeping widespread, fear about forgeries moderated. Today, with photostatic reproduction, on the one hand,

---

[1] The exhibits include, *inter alia*, materials relating to plaintiff's booking, policy statements, inmate grievances and reports relating to White's conduct during an earlier detention in the jail. Suffice to say, the Jail is the *only* place where most of these materials could have originated.

and readily available means of examining electronic metadata, on the other, lawyers rarely, and judges almost never, have any doubt about the authenticity of documents offered into judicial proceedings.

This makes sense, especially where, as here, a party offers documents that came from the other side. When they do, there's a presumption, if not *de jure*, then certainly *de facto*, that the provider, by delivering the copy, implicitly vouches for the authenticity of what's being provided.

In real life, delivery from one lawyer to another equals authentication.

Not so, apparently, for counsel now seeking to strike plaintiff's exhibits in this case. Given their origin—from the defendants and others associated with them (and sharing their interest in prevailing), *via* the same law firm that now seeks to take the documents out of plaintiff's hands—there is only one logical inference to draw from the instant motion.

Namely: counsel who produced the documents does not believe that they are authentic.

If that is so, counsel shall so state on or before May 10, 2011, and show cause why documents it produced in response to plaintiff's discovery requests are not authentic. If *that's* its present position—that the documents they gave in discovery were spurious—and plaintiff fail to show adequate cause for sending along fakes, appropriate sanctions shall be imposed.

I trust that's not what's going on. Instead, I assume that, through simple inattentiveness to the logical implications of the instant motion, counsel somehow thought trying this ploy was a good idea.

Rather than being addled by antiquated, archaic, outdated and inapplicable concerns about documentary authenticity (buried, probably in a subconscious recollection of an hour spent in evidence class in law school), counsel would be well-advised to consider the following:

> Addressing the matter of authentication, Rule 901(a) [of the Federal Rules of Evidence] provides that "authentication or identification as a condition precedent to

> admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901(a). The rule also states, by way of illustration, that the testimony of a witness that the item is what it purports to be is sufficient authentication under the rule.

*Rush v. Illinois Cent. R. Co.*, 399 F.3d 705, 722 (6th Cir. 2005).

Movant suggests that Mr. Shapero, as an opposing counsel, cannot be an authenticating witness. I disagree. He knows what he asked for. He knows where the documents came from. If—which I rather confidently doubt—defendants' attorney makes any fuss about authenticity before they go before the jury, Mr. Shapero can, if necessary, even testify without having to be disqualified. Issues relating to admissibility are not litigated in front of jurors.

I am confident that during my review of the summary judgment briefs I can sort out the otherwise admissible from inadmissible contents in the documents.

## Conclusion

For the foregoing reasons, it is

ORDERED THAT:

1. Defendants' motion to strike the affidavit of Daniel E. Vasquez [Doc. 48] be, and the same hereby is granted in part and denied in part; and

2. Defendants' motion to strike the affidavit of Michael Shapero [Doc. 49], be, and the same hereby is denied.

So ordered.

/s/James G. Carr
Sr. United States District Judge